CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK

By s/ THOMAS DREW
      DEPUTY CLERK

U.S. DISTRICT COURT NORTHERN
DISTRICT OF TEXAS

October 13, 2015

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION          MDL No. 2244

TRANSFER ORDER

    **Before the Panel**: Plaintiffs in the two actions listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring their respective actions to MDL No. 2244. Defendants DePuy Orthopaedics, Inc., DePuy Synthes, Inc., and Johnson & Johnson Services, Inc., oppose the motions.

    After considering the argument of counsel, we find that both actions involve common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. *See In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. 2011). Both actions involve injuries related to DePuy Pinnacle Acetabular Cup System hip implants and fall within the MDL's ambit.

    Plaintiffs in the Central District of California *Timms* action do not dispute that their action shares questions of fact concerning Pinnacle hip implants with actions pending in MDL No. 2244. Plaintiff instead bases her arguments against transfer primarily on the pendency of her motion to remand the action to state court and her preference for having the Central District of California rule on the motion to remand. These arguments are unconvincing. Plaintiff can present her renewed motion for remand to the transferee judge.[1] *See, e.g., In re: Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

    In the Northern District of California *Mugnolo* action, plaintiff allegedly received a Pinnacle hip implant in a ceramic-on-polyethylene configuration and suffered a dislocation of her hip implant when a ring locking device broke. Plaintiffs assert that claims regarding this configuration and this specific mechanism of failure are not present in the MDL. Since the creation of MDL No. 2244, however, the

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. Here, the transferor judge denied plaintiff's motion to remand without prejudice to renewal on September 4, 2015.

-2-

Panel has transferred actions involving all configurations of Pinnacle hip implants. Even if the mechanism of failure of plaintiff's Pinnacle hip implant is somewhat different, transfer is appropriate to prevent any overlap in discovery in the MDL and *Mugnolo* related to, *inter alia*, the development, approval, manufacture, marketing and performance of the Pinnacle hip device, particularly with respect to the *Mugnolo* plaintiff's breach of warranty and negligence claims.

We are persuaded that both actions will benefit from the framework provided by the centralized proceedings for discovery and motion practice. As the litigation progresses, however, if the transferee judge determines that a given claim or action will no longer benefit from inclusion in MDL No. 2244, we encourage him to promptly suggest that the Panel remand that action or claim to the transferor court. *See* Panel Rule 10.1(b); *In re: ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007).

IT IS THEREFORE ORDERED that these actions are transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION**                MDL No. 2244

## SCHEDULE A

<u>Central District of California</u>

TIMMS, ET AL. v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 2:15‑05253

<u>Northern District of California</u>

MUGNOLO v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 4:15‑02314